1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   JAMES D. HAWKINS,                          CASE NO. 1:05-CV-01276-OWW-DLB-P

10                          Plaintiff,          FINDINGS AND RECOMMENDATIONS RE
                                                DISMISSAL OF ACTION
11          v.

12   JOHN DOE , et al.,

13                          Defendants.
     _____/

14

15   I.      Screening Order

16          A.      Screening Requirement

17          Plaintiff James Reynolds ("plaintiff") is a state prisoner proceeding pro se and in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee for this action.  Plaintiff

19   filed an amended complaint on December 11, 2006 after his original complaint was dismissed with

20   leave to amend.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3    506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

4    and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

5    8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

6    and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a

7    complaint only if it is clear that no relief could be granted under any set of facts that could be proved

8    consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately

9    prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

10   appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

11   test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

12   232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

13   suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

14   F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

15   plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

16   interpretation of a civil rights complaint may not supply essential elements of the claim that were not

17   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

18   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19       C.    Summary of Plaintiff's Complaint

20       The events at issue in this action allegedly occurred at California Correctional Institution

21   ("CCI"), where plaintiff is incarcerated.  Plaintiff names Captain Jensen and Officers Cowan and

22   Chapman as defendants.  Plaintiff alleges that upon his arrival at CCI he was a designated

23   "single cell status" inmate.  On August 23, 2006, the classification committee recommended that

24   plaintiff be relocated to either California State Prison at Soledad or the Los Angeles County State

25   Prison, which are both designed to house classified maximum security prisoners.  Plaintiff

26   alleges that based on defendants misrepresentations, staff approved plaintiff for alternative

27   placement at Calipatria State Prison, which plaintiff describes as "gang infested."  Plaintiff

28   alleges that the alternative locations are of identical security level but unlike Calipatria State

1    Prison, are less turbulent.

2           Plaintiff further alleges that on October 24, 2006, he was summoned before the

3    classification committee where his documented enemy concerns were rejected, his disability was

4    rejected and he was removed from single cell status.

5           D.    Discussion

6           Prisoners have no constitutional right to a particular classification status, see Moody v.

7    Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated

8    at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Further,

9    prisoners have no constitutional right to employment.  Vignolo v. Miller, 120 F.3d 1075, 1077

10   (9th Cir. 1997).  Accordingly, absent a motive that implicates constitutional concerns, plaintiff's

11   change in custody status, which led to the loss of his job, and his transfer to a less favorable

12   facility do not give rise to a claim for relief.  Vignolo at 1077-78 (inmate's alleged removal from

13   his prison job in retaliation for the exercise of constitutionally protected activity may state a

14   claim for relief).  Plaintiff has alleged no facts that indicate that a motive that would implicate

15   constitutional concerns was behind the changes.  Accordingly, plaintiff's allegations fail to give

16   rise to any claims for relief under section 1983.

17          The court finds that plaintiff's amended complaint, like the original complaint,  fails to

18   state a cognizable claim for relief against defendants.  The Court therefore recommends that the

19   complaint be dismissed in its entirety.  In doing so, the Court does not recommend that leave to

20   amend be granted as plaintiff was already given the opportunity to amend the allegations and was

21   unable to cure the deficiencies.

22          E.    Conclusion

23          The court finds that plaintiff's amended complaint does not contain a claim upon which

24   relief may be granted against any of the defendants under section 1983.  Plaintiff was provided

25   with the opportunity to amend to cure these deficiencies but was unable to do so.  Accordingly,

26   the court HEREBY RECOMMENDS that this action be dismissed in its entirety as follows.

27          These Findings and Recommendations will be submitted to the United States District

28   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

                                            3

thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**October 2, 2007**__        _____/s/ **Dennis L. Beck**_____
                                                                 UNITED STATES MAGISTRATE JUDGE